**CHAMBERS COPY**

**MUSICK, PEELER & GARRETT LLP**
650 Town Center Drive, Suite 1200
Costa Mesa, California 92626-1925
Telephone (714) 668-2400
Facsimile (714) 668-2490

Donald E. Bradley (State Bar No. 145037)
  d.bradley@musickpeeler.com

Attorneys for Defendant TRANS UNION LLC

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RUDY ARRIAGA,<br><br>  Plaintiff,<br><br>vs.<br><br>LOGIX FEDERAL CREDIT UNION; FIDELITY CREDITOR SERVICE, INC.; TRANSUNION, LLC,<br><br>  Defendants. | Case No. 2:18-cv-09128 CBM (AGRx)<br><br>Hon. Alicia G. Rosenberg, Courtroom 550<br><br>**AGREED PROTECTIVE ORDER**<br><br>NOTE CHANGES MADE BY THE COURT |

Pending before the Court is the Parties' Agreed Motion for Protective Order. After considering said Motion, the Court finds that it should be GRANTED. It is therefore, ORDERED that the parties herein comply with the provisions of this Order set forth below.

Rudy Arriaga has filed this lawsuit (the "Litigation") against Defendants Trans Union LLC, Logix Federal Credit Union, and Fidelity Creditor Service, Inc., ("Defendants"), alleging that Defendants are liable to Plaintiff for damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* In connection with the Litigation, Plaintiff has sought discovery or testimony regarding

certain of Defendants' confidential and proprietary trade secrets and other business information and Defendants have sought discovery or testimony regarding the personal identifying information of Plaintiff (herein after collectively referred to as the "Confidential Information").

As a means of avoiding continued dispute with respect to any Parties' requests for the Confidential Information, the Parties have agreed to produce certain Confidential Information pursuant to the terms of this Order.

All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order. *Confidential Information used at trial shall become public absent a separate court order upon motion and legally sufficient showing.* 

The Parties shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, ~~trial or~~ *or* deposition testimony or other information that the Parties deem to be confidential. ~~Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance.~~

The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms in this Order. ~~At no time shall the~~ Confidential Information *may not* be disclosed to ~~or used by~~ any person, corporation, or entity in competition with or against any of the Parties *except by consent of the producing party or court order.*

The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information." Deposition ~~or trial~~ testimony can be designated by the Parties as Confidential Information. Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice of such



designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties as Confidential Information shall not be revealed to any person or entity except: (i) the parties, their attorneys and their attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; and (iii) expert witnesses and their staff employed for this litigation after such experts have signed the acknowledgment attached as Exhibit A; (iv) present or former employees of the producing party in connection with their depositions in this action, including witnesses produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; (vi) outside professional vendors that provide litigation support services, such as photocopying, imaging, videotaping, exhibit preparation, etc. after such vendors have signed the acknowledgment attached as Exhibit A, and (vii) the Court, and Court personnel. ~~and members of any jury impaneled to hear this case.~~



In the event the Parties intend to file Confidential Information with the Court, they shall file ~~it~~ with an application to file under seal pursuant to the requirements of Court ~~for filing documents under seal.~~ in Local Rule 79-5.



In the event a Party disagrees with the designation of Confidential Information, the Parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies. In the event such a dispute cannot be resolved by agreement, the challenging Party will initiate the dispute resolution process under Local Rule 37-1 *et seq.* or follow the procedures for informal, telephonic discovery hearings on the Court's website. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. Unless the designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing Party's designation until the Court rules on the challenge.

This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of Confidential Information and the redaction of any "Confidential" or "Confidential Information" designation may be the subject of further agreement of the Parties or order of the Court.

Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information. Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

~~The Parties cannot use or disclose any Confidential Information in any pretrial court proceeding that is open to persons not authorized to have access to such Confidential Information under the terms of this Order. This provision does not limit the right of any of the Parties to submit any Confidential Information to the~~



1  ~~Court under seal as described above.~~

2  Third parties who are the subject of discovery requests, subpoenas or
3  depositions in this case may take advantage of the provisions of this Protective
4  Order by providing Plaintiff and Trans Union with written notice that they intend to
5  comply with and be bound by the terms of this Protective Order.
6  Within sixty (60) days after the final resolution of the Litigation, including
7  any appellate proceeding, the Parties agree to return to opposing counsel the original
8  and any copies of any Confidential Information produced.

10  DATED: August 7, 2019

*Alicia G. Rosenberg*
Hon. Alicia G. Rosenberg
United States Magistrate Judge

# EXHIBIT A

The undersigned has read and understands the terms of the Agreed Protective/Confidentiality Order effective in this case, *Rudy Arriaga v. Logix Federal Credit Union, et al.*, Civil Action No. 2:18-cv-09128-CBM-AGR, which is currently pending in the United States District Court for the Central District of California, Western Division. The undersigned agrees (i) to abide by the terms of the Agreed Protective/Confidentiality Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Agreed Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order; and (iii) to submit to the jurisdiction of the United States District Court for the Central District of California, Southern Division for resolution of any issues arising under the Agreed Protective/Confidentiality Order.

Dated: _____          Signed: _____

                                  Printed: _____